IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| JOHN HARTSOE, | CV 16-87-M-DLC-JCL |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, et al., | |
| Defendants. | |

Plaintiff John Hartsoe, appearing pro se, commenced this action with his complaint filed on July 6, 2016. He is suing numerous private individuals, state and local governmental employees, and judicial officers alleging they are liable for violations of his rights which occurred during the course of criminal proceedings prosecuted against him in state court.

On October 13, 2016, Hartsoe filed a motion requesting the undersigned United States Magistrate Judge, and the presiding Chief District Judge Dana L. Christensen, recuse ourselves from further presiding over this action. He cites to 28 U.S.C. §§ 144 and 455 as the legal authority for his motion.

In support of his motion Hartsoe references a prior unspecified civil action he prosecuted in this Court which I recommended be dismissed, and which Judge

1

Christensen dismissed following my recommendation.[1] Hartsoe complains the dismissal was with prejudice, and he contends, without supporting factual allegations, that the dismissal was imposed for the purpose of concealing alleged wrongful and criminal conduct committed by others. Thus, he argues we must recuse ourselves in view of the dismissal of his prior civil action which he asserts demonstrates we are biased and prejudiced against him.

Because a motion for disqualification or recusal of a judge must be decided by the judge whose impartiality is being questioned,[2] this order addresses Hartsoe's motion only to the extent it applies to me. In that respect, and for the reasons discussed, Plaintiffs' motion is denied.

### A. 28 U.S.C. § 144

Section 144 of Title 28 of the United States Code provides, in relevant part, as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. [... The party's affidavit] shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[1] Although unspecified by Hartsoe, the Court presumes he is referring to his prior civil action in *Hartsoe v. Marshall*, Cause No. CV 14-225-M-DLC.

[2] *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

28 U.S.C. § 144.

The certificate of good faith required under section 144 must be provided by a member of the bar, or the movant's counsel of record. *See Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996). Consequently, a pro se litigant who has not provided a certificate of good faith from a member of the bar may not employ the disqualification procedures set forth in 28 U.S.C. § 144. *Id*. *See also Jimena v. UBS AG Bank*, 2010 WL 2650714, *3 (E.D. Cal. 2010) and *United States v. Briggs*, 2007 WL 1364682, *1 (D. Idaho 2007).

Hartsoe's motion for relief under section 144 is not accompanied by a certificate of counsel as required. Thus, Hartsoe cannot sustain his motion under section 144.

### B. 28 U.S.C. § 455

Section 455, Title 28 U.S.C., provides, in relevant part, as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party[.]

28 U.S.C. § 455(a) and (b).

"Section 455 imposes an affirmative duty upon judges to recuse

3

themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1983). Sections 455(a) and (b)(1) "are to be construed together when the ground for recusal is the bias or partiality of the trial judge." *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980).

Section 455(a) requires disqualification for the appearance of partiality. What matters under section 455(a) "is not the reality of bias or prejudice but its appearance[,]" and the test for disqualification is an objective one. *Liteky v. United States*, 510 U.S. 540, 548 (1994). Disqualification is warranted if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) (quotation and citation omitted). The "reasonable person" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *Blixseth*, 742 F.3d at 1219, and *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008). Rather, the reasonable person is a "well-informed, thoughtful observer[,]" and is "someone who 'understand[s] all the relevant facts' and has examined the record and the law." *Holland*, 519 F.3d at 913-14 (citation omitted).

The analysis under section 455(a) is further subject to the "extrajudicial source" doctrine. *Liteky*, 510 U.S. at 554. The doctrine requires a consideration

of the source of the specific information on which a judge has developed the type of bias or prejudice that renders a judge subject to recusal. The type of bias or prejudice necessary for a recusal is "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the [judge] ought not to possess[.]" *Liteky*, 510 U.S. at 550. Thus, under the doctrine, a judge is not subject to recusal when the knowledge obtained, and resulting opinions formed by that knowledge, "were properly and necessarily acquired in the course of the proceedings," or in earlier proceedings. *Liteky*, 510 U.S. at 551. The doctrine requires that the basis for disqualification generally must be "something other than rulings, opinions formed[,] or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913-14.

Section 455(b)(1), in contrast to subsection (a), requires disqualification if a judge has a personal bias or prejudice for or against a party. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987). Section 455(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citing *United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978)). Subsection 455(b)(1), however, is similarly subject to the

"extrajudicial source" doctrine. *Liteky*, 510 U.S. at 548-551.

Here, Hartsoe's motion for my disqualification or recusal is based solely upon the fact that his prior civil action was dismissed. As noted, however, a judge's ruling that is based only upon proceedings that transpire in a case cannot qualify as evidence of a bias or prejudice from an extrajudicial source. Hartsoe does not identify any extrajudicial source of information on which the prior dismissal was based as would be necessary to constitute the type of prejudice or bias contemplated in section 455(b)(1). No extrajudicial source of information existed in Hartsoe's prior case, and I affirmatively state I have no bias or prejudice against Hartsoe.

Therefore, IT IS HEREBY ORDERED that Hartsoe's motion requesting recusal or disqualification under either 28 U.S.C. §§ 144 or 455 is DENIED to the extent the motion is directed at me.

DATED this 19th day of October, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge