IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| JOHN HARTSOE, | CV 16–87–M–DLC–JCL |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, et al., | |
| Defendants. | |

Plaintiff John Hartsoe ("Hartsoe"), appearing pro se, moves the undersigned to recuse himself from this case, as well as United States Magistrate Judge Jeremiah C. Lynch. In his motion, Hartsoe alleges that Judge Lynch and the undersigned concealed the alleged criminal conduct of third parties and now must recuse ourselves. In support of Hartsoe's motion, he points to an unidentified civil case in which I adopted Judge Lynch's recommendation to dismiss the case.[1] For the reasons explained below, Hartsoe's motion will be denied as it pertains to the undersigned. *See In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (motion to disqualify judge must be decided by the very judge whose impartiality is being

---

[1] Judge Lynch understood this case to be *Hartsoe v. Marshall et al.*, Cause No. CV 14–225–M–DLC. The Court disagrees with Judge Lynch and believes the case Hartsoe was referencing is *Hartsoe v. McNeil et al.*, Cause No. CV 14–210–M–DLC

-1-

questioned).[2]

Hartsoe brings his motion under 28 U.S.C. §§ 144 and 455. Under §144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. §144. However, the affidavit discussed in § 144 must "be accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.* In cases where the movant is acting pro se, courts have found that a member of the bar may sign the certificate of good faith. *Jimena v. UBS AG Bank*, 2010 WL 2650714, at *3 (E.D. Cal. 2010) (citations omitted). Nonetheless, "[p]rocedural requirements under section 144 are strictly construed." *United States v. Bell*, 79 F. Supp. 2d 1169, 1172 (E.D. Cal. 1999).

Here, Hartsoe's motion is not accompanied by a certificate of counsel. Hartsoe's motion will thus be denied under 28 U.S.C. § 144 for failing to adhere to the section's procedural requirements.

Additionally, as previously discussed, Hartsoe also brings his motion under 28 U.S.C. § 455. This statute provides that a "judge of the United States shall

---

[2] Judge Lynch denied the motion for recusal as it pertained to him on October 19, 2016. (Doc. 26).

disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This section goes on to list numerous examples of circumstances warranting disqualification, including when a judge harbors "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The test for recusal under § 455 is objective, i.e., "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Herrington v. County of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1987) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)). Under this analysis, a "reasonable person" means a "well-informed, thoughtful observer," in contrast to a "hypersensitive or unduly suspicious person" *Clemens v. U.S. Dist. Ct. for C. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005).

In addition to the analysis under § 455, courts "also apply the general rule that questions about a judge's impartiality must stem from 'extrajudicial' factors, that is, from sources other than the judicial proceeding at hand. *Id.* (citations omitted); *see also United States. v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."). Put another way, "for a judge to be disqualified for bias or prejudice under [28 U.S.C. § 455(b)(1)], the bias or prejudice must be

personal, as opposed to judicial." Charles Alan Wright et al., *Federal Practice and Procedure* vol. 13D, § 3542, 39 (West 2005). This means that the basis for recusal must be "something other than rulings, opinions formed[,] or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 913–914 (9th Cir. 2008) (citing *Liteky v. United States*, 510 U.S. 540, 554–556 (1994)); *see also Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias.").

Here, after the reviewing the motion, it appears that the only evidence of the undersigned's alleged bias against Hartsoe is the dismissal of his previous civil case, *Hartsoe v. McNeil*. This dismissal, Hartsoe contends, was an attempt by this Court to conceal the criminal actions of the defendants in *Hartsoe v. McNeil*. As mentioned above, a judge's previous adverse ruling does not qualify as a extrajudicial source of bias. Because this is the only evidence of the undersigned's alleged bias against Hartsoe, his motion must be denied.[3] Accordingly,

IT IS ORDERED that Plaintiff John Hartsoe's Motion for Recusal (Doc. 19) is DENIED to the extent it pertains to the undersigned.

---

[3] The undersigned also affirmatively states that I have no prejudice or bias against Hartsoe.

Dated this 15th day of November, 2016.

Dana L. Christensen, Chief Judge
United States District Court