IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

MAR 13 2017

Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| JOHN HARTSOE, | CV 16–87–M–DLC–JCL |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, et al., | |
| Defendants. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and

Recommendation on December 21, 2016, recommending granting Defendants'

Motions to Dismiss Defendants Casey Emerson, C.B. McNeil, Ed McLean, Blair

Jones, Victor Valgenti, John Murphy, Sue Schleif, Jim Rice, Patricia Cotter, Beth

Baker, Mike Wheat, James Shea, Laurie McKinnon, Lyn Fricker, and Deborah

Christopher.  Plaintiff John Hartsoe, appearing pro se, timely filed an objection

and is therefore entitled to de novo review of those findings and recommendations

to which he specifically objected.  28 U.S.C. § 636(b)(1)(C).  This Court reviews

for clear error those findings and recommendations to which no party objects.  *See*

*McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313

(9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  "Clear error exists if

the Court is left with a definite and firm conviction that a mistake has been

-1-

committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Because the parties are familiar with the factual background of this case, it will not be repeated here.

Upon review of Hartsoe's objections, the Court finds that they fail to specify any legal error with Judge Lynch's recommendation to grant Defendants' Motions and dismiss Defendants Casey Emerson, C.B. McNeil, Ed McLean, Blair Jones, Victor Valgenti, John Murphy, Sue Schleif, Jim Rice, Patricia Cotter, Beth Baker, Mike Wheat, James Shea, Laurie McKinnon, Lyn Fricker, and Deborah Christopher. Instead, Hartsoe argues that: (1) Judge Lynch lacked jurisdiction to issue his Findings and Recommendation and several other Orders; and (2) that Judge Lynch and the undersigned should recuse ourselves from this proceeding. The Court will address these arguments in turn.

Hartsoe contends that Judge Lynch lacked jurisdiction to issue the Findings and Recommendation, as well as additional nondispositive orders, because Hartsoe never consented to have his case heard by a United States magistrate judge. Hartsoe cites to 28 U.S.C. § 636(C) in support. This statute discusses how a United States magistrate judge may be designated by a district court to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(C)(1). Hartsoe essentially argues that

because he never was served with "a form 80 [] Notice of a Magistrate Judge's availability" and never consented to Judge Lynch ruling on pretrial matters, his previous orders and Findings and Recommendation were "illegal orders" and should be rejected for lack of jurisdiction. (Doc. 57 at 2–3.) Hartsoe misunderstands the Magistrates Act.

Under the Magistrates Act, a district court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72 (discussing how magistrate judge may hear and decide nondispositive pretrial matters and issue proposed findings and recommendations to the district court for dispositive matters). Indeed, under this District's Local Rules, certain cases are automatically referred to a magistrate judge upon the filing of the case, such as cases where "one or more plaintiffs are self-represented." L.R. 72.2(a)(1). However, if a case moves beyond pretrial matters and into trial, or some other civil proceeding, the parties must be given an opportunity to withhold their consent to the magistrate judge conducting the trial. 28 U.S.C. § 636(C)(1) ("Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter . . . ."); *see also* Fed. R. Civ. P. 73(a) ("[A] magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial.").

Here, because Hartsoe is representing himself pro se, this case was automatically referred to Judge Lynch for ruling on pretrial matters. As discussed, this is allowable under both the Magistrates Act and the Federal Rules of Civil Procedure. Further, Hartsoe's consent to Judge Lynch ruling on pretrial matters is not required under the law. Thus, Hartsoe's argument that Judge Lynch lacked jurisdiction to hear and decide pretrial matters, and issue findings and recommendations, is not supported by the plain language of the Magistrates Act. Hartsoe's first objection is overruled.

Next, Hartsoe argues that Judge Lynch and the undersigned should recuse ourselves from this case because we have ignored the law by allowing Judge Lunch to issue orders without Hartsoe's consent. However, as explained above, Hartsoe's consent was not required for Judge Lynch to rule on pretrial matters. Thus, Judge Lynch's orders and Findings and Recommendation were not "illegal orders," and there is no basis for Judge Lynch or the undersigned to recuse ourselves. (Doc. 57 at 2–3.) In addition, the Court notes that Hartsoe has previously accused Judge Lynch and the undersigned of concealing the criminal actions of others and moved for our recusal. The Court denied these motions (Docs. 26, 33) and now incorporates and adopts these findings into this Order. Hartsoe's second objection is overruled.

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendation for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendation (Doc. 46) are ADOPTED IN FULL; and

(2) Defendants Casey Emerson, C.B. McNeil, Ed McLean, Blair Jones, Victor Valgenti, John Murphy, Sue Schleif, Jim Rice, Patricia Cotter, Beth Baker, Mike Wheat, James Shea, Laurie McKinnon, Lyn Fricker, and Deborah Christopher's Motions to Dismiss (Docs. 11, 13, 15, 21) are GRANTED, and Hartsoe's claims against those Defendants are DISMISSED.

Dated this 13th day of March, 2017.

Dana L. Christensen, Chief District Judge
United States District Court