IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN HARTSOE,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>    Defendants. | CV 16–87–M–DLC–JCL<br><br>ORDER |

Pending before the Court are two motions by Plaintiff John Hartsoe ("Hartsoe"). The first motion, dated April 11, 2017, asks the undersigned to review a motion to vacate (Doc. 42) which was denied by United States Magistrate Judge Jeremiah C. Lynch on December 21, 2016 (Doc. 48). This first motion also requests that the Court issue a final ruling on his motions, presumably so that he may appeal them. The second motion filed by Hartsoe, dated May 8, 2017 (Doc. 69), reiterates his request that the undersigned rule on the April 11, 2017 motion.

First, the Court will deny Hartsoe's request to review Judge Lynch's December 21, 2016 order denying the motion to vacate. Even if the Court were to liberally construe Hartsoe's filing as an objection pursuant to 28 U.S.C. § 636(b)(1)(C), i.e., the Magistrates Act, the time to object has long since past. *See* L.R. 72.3(b) ("An objection must be filed within 14 days of service of the

-1-

magistrate judge's order or findings and recommendation."). Consequently, Hartsoe's "objection" is untimely and the Court declines to address it.

Second, as discussed, Hartsoe's April 11, 2017 motion requests a final order from which he may appeal. Generally, a court of appeals has "jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291; *Spec. Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 993 (9th Cir. 2004). "A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 448 (9th Cir. 2000) (citation and internal quotation marks omitted). However, Federal Rule of Civil Procedure 54 allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Here, Hartsoe's claims have been resolved against some, but not all, of the Defendants in this case. (*See* Docs. 46, 56.) Thus, because some Defendants remain in this action, there has not been a final judgment issued from which Hartsoe may appeal. As such, the Court will liberally construe Hartsoe's present request as a motion for the entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b). The Court will deny this motion, however, because it does

not see a reason to expedite the appeal process at this time. Further, allowing this case to proceed until all claims against all parties has been resolved will prevent piecemeal appeals. *See Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1074 (9th Cir. 1994) ("By requiring parties to raise all claims of error in a single appeal following final judgment on the merits, § 1291 forbids piecemeal disposition on appeal of what for practical purposes is a single controversy.") (citations and internal quotation marks omitted).

Lastly, the Court will also deny Hartsoe's motion dated May 8, 2017 because it essentially seeks the same relief as the motion dated April 17, 2017. However, construed liberally, the motion could be read to suggest that the undersigned should recuse himself. (*See* Doc. 69 at 2 (suggesting that the undersigned should either rule on the motion or recuse himself).) Hartsoe previously moved for the undersigned's recusal, which the Court denied. (Doc. 33.) The Court again denies Hartsoe's request for recusal and incorporates and adopts its previous findings into this Order.

Accordingly, IT IS ORDERED Plaintiff Hartsoe's motions (Docs. 67, 69) are DENIED.

Dated this 17th day of May, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court