IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



JOHN HARTSOE,

    Plaintiff,

vs.

STATE OF MONTANA, et al.,

    Defendants.

CV 16-87-M-DLC-JCL

ORDER, and FINDINGS
AND RECOMMENDATION

Plaintiff John Hartsoe moves for the entry of a default judgment against Defendants Sam and Barbara Marshall. For the reasons discussed, however, the Court finds Hartsoe's federal claims against the Marshalls are barred by the doctrine of res judicata and should be dismissed.

## I. Background

Plaintiff John Hartsoe, appearing pro se, commenced this action against private individuals, state and local governmental employees, and judicial officers for their alleged violations of his rights during the course of criminal proceedings instituted against him in Montana state court in 2008. He also alleges certain Defendants are liable for violations of his rights in relation to prior civil litigation

1

matters stemming from marital dissolution proceedings between he and Defendant Donna Heisel.

The majority of Hartsoe's claims allege specific Defendants, while acting under color of state law, violated the rights secured him by the United States Constitution. Thus, Hartsoe sufficiently invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331. And to the extent any of Hartsoe's claims are asserted under the laws of the State of Montana, or jurisdiction of those claims pursuant to 28 U.S.C. § 1367(a) to the extent any such state law claims form part of the same case or controversy as that of the federal claims over which the Court has jurisdiction.

This civil action constitutes yet another installment in a successive series of lawsuits Hartsoe has filed against many of the same Defendants in state and federal courts for the identical conduct relative to the same prior civil and criminal proceedings against Hartsoe. Therefore, numerous Defendants have successfully moved for the dismissal of Hartsoe's claims advanced against them in this action based on the doctrine of res judicata or claim preclusion.

The claim's Hartsoe advance against Sam and Barbara Marshall arise from their alleged conduct in preparing a transcript in their capacity as court reported of a hearing in a prior civil action between Hartsoe and Defendant Donna Heisel. The

referenced prior civil action was prosecuted in the Montana Twentieth Judicial District Court, Lake County, Montana, and is identified as *Heisel v. Hartsoe, et al.*, Cause No. DV-10-353 (*Heisel* case). On August 24, 2011, a summary judgment hearing was conducted in the *Heisel* case, and Sam and Barbara Marshall were the court reporters responsible for preparing a transcript of the hearing. Hartsoe contends the Marshalls did not prepare a true and correct transcript of everything that transpired during the August 24, 2011 hearing. Specifically, he alleges the transcript the Marshalls prepared inserted two "pauses" in the transcript of the hearing thereby omitting and allegedly covering up alleged illegal conduct committed by the presiding judge at the hearing. Hartsoe asserts that during the hearing his sister, Lilie Morris, asked the presiding judge where Hartsoe was because Hartsoe was not present at the hearing. The presiding judge allegedly responded by informing Morris that Hartsoe did not need to be at the hearing. Hartsoe complains that the Marshalls omitted from the transcript that conversation between Morris and the presiding judge. Therefore, Hartsoe alleges the Marshalls are liable to him for violations of various federal statutory and constitutional provisions, and for violations of Montana law, based on their conduct in allegedly altering the transcript. (*See* Doc. 1-6.)

The Court finds that Hartsoe presented the exact factual allegations against

the Marshalls in a prior federal action which Hartsoe commenced in this Court, identified as *Hartsoe v. Sam and Barbara Marshall*, Cause No. CV 14-225-M-DLC (D. Mont. September 16, 2014) (hereinafter referred to as "*Marshall I*"). In *Marshall I* Hartsoe alleged that the Marshalls omitted from the transcript of the summary judgment hearing the exact same conversation his sister, Lilie Morris, had with the same presiding judge regarding Hartsoe's absence from the hearing. Morris's affidavit filed in support of the complaint in *Marshall I* is the identical affidavit filed in support of Hartsoe's claims against the Marshalls in this case. (Compare *Marshall I*, Doc. 2-1 at 2 of 2, with Doc. 1-6 at 5 of 5 filed in this case.) In *Marshall I* Hartsoe alleged the Marshalls' conduct in omitting the discussion between Morris and the presiding judge from the transcript violated his rights under both federal law and Montana law.

In *Marshall I*, the Court reviewed the merits of Hartsoe's allegations and legal claims against the Marshalls. The Court found that Hartsoe's federal claims under both the Freedom of Information Act at 5 U.S.C. § 552(a)(4)(B), and criminal statutes at 18 U.S.C. §§ 1001, 1017 and 1018 all failed to state a legal claim upon which relief could be granted by the Court. Therefore, by Order entered December 1, 2014, the Court dismissed Hartsoe's federal claims in *Marshall I* for failure to state a claim for relief, and it declined to exercise supplemental jurisdiction

over Hartsoe's claims advanced under Montana law. (*Marshall I*, Doc. 6.) Judgment was entered against Hartsoe on December 1, 2014, and his complaint was dismissed.

## II. Discussion

Because Hartsoe is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Nonetheless, the Court concludes Hartsoe's action against the Marshalls is barred by res judicata.

### A. Hartsoe's Federal Claims

Although a federal court must be cautious in raising a preclusion bar sua sponte, it is appropriate to do so in special circumstances. *Arizona v. California*, 530 U.S. 392, 412 (2000).

> [I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona*, at 412 (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)). "As a general matter, a court may, sua sponte, dismiss

5

a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'" *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1047, 1054-55 (9th Cir. 2005) (quoting *Evarts v. W. Metal Finishing Co.*, 253 F.2d 637, 639 n.1 (9th Cir. 1958)). Thus, where judicial resources have previously been spent on the resolution of a particular prior case, special circumstances can be found warranting the court's sua sponte application of res judicata to a subsequent attempt to relitigate the same case. *Cf. Arizona*, at 412-413, and *Headwaters, Inc.* at 1056-57.

This Court has notice of the facts and circumstances of Hartsoe's allegations in *Marshall I*. This Court expended judicial resources addressing the merits of Hartsoe's federal claims pled against the Marshalls in that case. Those claims were dismissed, and Hartsoe now seeks to enter the Marshalls' default in this case which arises from the same facts that the Court addressed in *Marshall I*. A default entered in this case would be inconsistent with the prior dismissal in *Marshall I*, and it would be a waste of judicial resources to again adjudicate claims stemming from the same predicate facts as were presented in *Marshall I*. Therefore, the Court finds it is appropriate to raise the doctrine of res judicata sua sponte.

Res judicata, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that

were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata is applicable when (1) the prior litigation and the present action involve the same claims, or when the two cases have an "identity of claims;" (2) a final judgment on the merits was entered in the prior litigation; and (3) there exists privity between the parties in the two cases. *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citations omitted).

In assessing whether two litigation matters involve the same claims, a court must consider:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters, Inc.*, 399 F.3d at 1052.

The *Marshall I* case and this case as pled against the Marshalls each arose out of the same nucleus of operative facts. In each case Hartsoe asserts the Marshalls unlawfully omitted from the court transcript a portion of the presiding judge's discussion during the August 24, 2011 summary judgment hearing in the *Heisel* case. The matter which the Marshalls allegedly omitted from the transcript as challenged in *Marshall I* is the exact same matter Hartsoe again alleges in this

7

case that the Marshalls omitted from the transcript, and Hartsoe filed the same supporting affidavit from Morris in each case. Also, Hartsoe and the Marshalls are each parties to both *Marshall I* and this case. Lastly, a judgment was entered in *Marshall I* dismissing Hartsoe's federal claims against the Marshalls. And Hartsoe did not appeal that 2014 judgment which renders the judgment final. The entitlement that the Marshalls enjoy as to the finality of that judgment as a result *Marshall I* would be impaired by this relitigation of the same matter. Therefore, Hartsoe's federal claims against the Marshalls advanced in this case are barred by the doctrine of res judicata, and should be dismissed.

## B.  Hartsoe's Claims Under Montana Law

Hartsoe asserts claims under Montana law against the Marshalls. Those state law claims are not barred by res judicata because Hartsoe's state law claims in *Marshall I* were dismissed only on the basis that the Court concluded it should not exercise supplemental jurisdiction over those claims. But the Court must consider whether it possesses jurisdiction over Hartsoe's state law claims against the Marshalls in this case. The Court concludes it does not.

Under 28 U.S.C. § 1367, where a district court has original jurisdiction in a civil action it shall also have supplemental jurisdiction over other claims "that are so related to claims in the action within such original jurisdiction that they form part of

8

the same case or controversy[.]" 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. R.O. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted).

Here, Hartsoe's state law claims predicated upon the Marshalls' conduct in allegedly omitting matters from the subject court transcript arise from independent facts unique to only the Marshalls' conduct. The alleged facts of the Marshalls' conduct are wholly independent of all the factual allegations as to all of the other Defendants' conduct in this case. The facts of the Marshalls' alleged specific conduct do not share a common nucleus of operative facts with the other Defendants and those remaining federal claims. The facts which allegedly support the Marshalls' liability under Montana law are not dependent upon the facts of the other Defendants' conduct. Therefore, the facts supporting Hartsoe's state law claims against the Marshalls do not form part of the same case or controversy as any remaining federal claim over which the Court may still have jurisdiction. Therefore, the Court concludes it does not have supplemental jurisdiction over Hartsoe's state law claims against the Marshalls, and those claims should be dismissed.

## III. Conclusion

For the reasons discussed, IT IS RECOMMENDED that Hartsoe's federal claims against Sam and Barbara Marshall be DISMISSED as barred by the doctrine of res judicata. IT IS FURTHER RECOMMENDED that the Court should dismiss Hartsoe's independent state law claims against the Marshalls for lack of supplemental jurisdiction.

IT IS FURTHER ORDERED that Hartsoe's motion for a default judgment against Sam and Barbara Marshall is DENIED as moot.

DATED this 29th day of June, 2017.

Jeremiah C. Lynch
United States Magistrate Judge