IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN HARTSOE,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>        Defendants. | CV 16-87-M-DLC-JCL<br><br>FINDINGS AND<br>RECOMMENDATION |

This matter is set for trial on December 18, 2017, on Plaintiff John Hartsoe's claims against the limited remaining Defendants: Defendants Donna Heisel, Michael Umphrey, Brandon Goff, and Rebecca Goff.

On October 19, 2017, Defendants Brandon and Rebecca Goff filed their Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of jurisdiction. For the reasons discussed, the Court recommends the motion be granted.

**I.**     **Background**

Plaintiff John Hartsoe, appearing pro se, commenced this action against private individuals, state and local governmental employees, and judicial officers for their alleged violations of his rights during the course of criminal proceedings

instituted against him in state court in 2008.  He also alleges certain Defendants are liable for violations of his rights during marital dissolution proceedings between he and Defendant Donna Heisel.  He contends the referenced proceedings and events resulted in the unlawful deprivation of his personal and real property.

Hartsoe alleges Heisel, his former wife, conspired with Lake County law enforcement officer Mike Gehl to have Hartsoe arrested.  He alleges Heisel altered a Lake County document to reflect that Hartsoe committed the offense of intimidation, and that Heisel's misconduct in that regard was in violation of Mont. Code Ann. § 45-7-208(1)(a) (tampering with public records).  Hartsoe contends the unlawful conspiracy between Heisel and Gehl constituted a violation of his civil rights under 42 U.S.C. § 1985.  But Hartsoe states the criminal charges against him were dismissed.

As to the remaining Defendants identified above, Hartsoe alleges they each played some roll in the alleged conversion and theft of his property.  Hartsoe alleges Heisel unlawfully transferred possession of his passport to local authorities which constituted misuse of the passport in violation of 18 U.S.C. § 1544.

Hartsoe also claims Heisel unlawfully claimed an interest in various of his real and personal property items.  He alleges she unlawfully gained possession of his home, illegitimately claimed an interest in "numerous old buses, equipment,

2

scrap steel" (doc. 1-3 at 3) that belonged to Hartsoe, and stole his record collection he had. He contends Heisel gained possession of the items through a fraud upon the state court.

As to Defendant Michael Umphrey, Hartsoe alleges Umphrey stole numerous items of Hartsoe's personal property. And he claims Umphrey accepted money from Heisel. Although Hartsoe does not provide any further explanation about those events, he alleges Umphrey is liable for conspiracy in violation of 18 U.S.C. § 241, and for conspiracy to interfere with civil rights as set forth in 42 U.S.C. § 1985. (Doc. 1-2.)

Finally, with respect to Defendants Brandon and Rebecca Goff, Hartsoe asserts that they purchased some of his personal property items allegedly stolen by Heisel, or others, through the state court civil proceedings. Hartsoe contends the items were stolen because the state district court proceeded with a hearing on August 24, 2011, in his absence, and Hartsoe contends such procedure was illegal. He asserts the Goffs are liable for obstructing justice in violation of Mont. Code Ann. § 45-7-303 for their role in subsequently acquiring the property and concealing the prior criminal theft of his property. He requests that the Goffs be required to return the property to him.

In general, the majority of Hartsoe's claims allege specific Defendants,

while acting under color of state law, violated his rights protected under the United States Constitution. Thus, Hartsoe sufficiently invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331. And to the extent any of Hartsoe's claims are asserted under the laws of the State of Montana, the Court possesses supplemental jurisdiction over many of those claims pursuant to 28 U.S.C. § 1367(a) to the extent any such state law claims form part of the same case or controversy as that of the federal claims over which the Court has jurisdiction.

## II. Applicable Law

### A. Jurisdiction – Fed. R. Civ. P. 12(b)(1)

The Goffs filed their motion pursuant to Rule 12(b)(1), Fed. R. Civ. P., which is the proper procedural rule for challenging the existence of a court's jurisdiction. A defendant may pursue a Rule 12(b)(1) motion either as a facial challenge to the jurisdictional allegations of a pleading, or as a substantive challenge to the facts underlying those allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial challenge is one which contends the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The success of a facial challenge to jurisdiction depends on the allegations

in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Therefore, in addressing a facial challenge the court must assume the allegations in the complaint are true, and it "must draw all reasonable inferences in [plaintiff's] favor." *Id*. *See also Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

The plaintiff bears the burden of proving the existence of jurisdiction in response to a challenge under Rule 12(b)(1). *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

### B. Pro Se Pleadings

Because Hartsoe is proceeding pro se the Court must construe his pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Nonetheless, pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

## III. DISCUSSION

As noted, the Court possesses federal question jurisdiction over this action under 28 U.S.C. § 1331. And as described above, Hartsoe's legal claims against the Goffs are entirely predicated upon Montana law. Thus, the Court would

5

posses supplemental jurisdiction over those state law claims only if they "are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Goffs' motion, therefore, argues Hartsoe's state law claims against them do not fall within the Court's supplemental jurisdiction as proscribed in section 1367. The Court agrees.

Under the supplemental jurisdiction law of 28 U.S.C. § 1367, "[a] state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. R.O. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted).

Here, Hartsoe's state law claims predicated upon the Goffs' subsequent acquisition of his property arise from independent facts unique to only the Goffs' conduct. The alleged facts of the manner in which the Goffs' acquired his property after either Heisel, Umphrey, or others obtained the property from Hartsoe are wholly independent of all the factual allegations as to all of the other Defendants' conduct in this case. Hartsoe's allegations do not suggest the Goffs were in any way involved with the original events which deprived Hartsoe of his property and, thus, the facts of the Goffs' alleged specific conduct do not share a

6

common nucleus of operative facts with the other Defendants and the remaining federal claims against the other Defendants. The facts which allegedly support the Goffs' liability under Montana law are not dependent upon the facts of the other Defendants' conduct. Therefore, Hartsoe's factual allegations against the Goffs do not form part of the same case or controversy as any remaining federal claim over which the Court may still have original jurisdiction, and the Court does not have supplemental jurisdiction over those state law claims.

## IV.  Conclusion

For the reasons discussed, IT IS RECOMMENDED that the Goffs' Fed. R. Civ. P. 12(b)(1) motion be GRANTED, and Hartsoe's independent state law claims against the Goffs be DISMISSED for lack of supplemental jurisdiction.

DATED this 31st day of October, 2017.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge