

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN HARTSOE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>Defendants. | CV 16–87–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations in this case on October 31, 2017, recommending that Defendants Brandon and Rebecca Goff's ("the Goffs") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 94) be granted and Plaintiff John Hartsoe's ("Hartsoe") claims against the Goffs be dismissed. (Doc. 99 at 7.) Thirteen days after Judge Lynch entered his Findings and Recommendations Hartsoe filed what appears to be a response to the Goffs' Motion to Dismiss (Doc. 105) which this Court will treat as an objection. Consequently, Hartsoe is entitled to a de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error

-1-

those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Lynch concluded, and this Court agrees, that Hartsoe's claims against the Goffs are entirely predicated upon Montana law and do not share a common nucleus of operative facts with Hartsoe's federal claims against other Defendants. (Doc. 99 at 5–7.) Consequently, Hartsoe's claims against the Goffs should be dismissed for lack of subject matter jurisdiction. Hartsoe's objection fails to present any new evidence or law regarding subject matter jurisdiction and, instead, superficially argues that jurisdiction exists because otherwise "tyranny at its finest" exists. (Doc. 105 at 1.) Hartsoe's unsupported and meritless argument fails to reference Judge Lynch's Findings and Recommendations, which aptly determined the nonexistence of any basis for subject matter jurisdiction. Having failed to specifically object to any of Judge Lynch's Finding and Recommendations, this Court reviews the record for clear error. L.R. 72.3(a); *see also McDonnell Douglas Corp.*, 656 F.2d at 1313. Finding none,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc.

99) are ADOPTED IN FULL. The Goffs' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 94) is GRANTED and Hartsoe's independent state law claims against the Goffs are DISMISSED for lack of supplemental jurisdiction.

DATED this 28th day of November, 2017.

／s／ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court